CULPEPPER, Judge
(dissenting).
It is my view that the majority has reversed the trial judge on a purely factual issue. The district judge found as. a fact that when plaintiff finally quit work on May 16, 1972, she did not do so because she was disabled by the contact dermatitis, but, instead, she quit work to get married or for some other personal reason. The majority has reversed and found that plaintiff quit work on May 16, 1972 because she was disabled.
The evidence shows that plaintiff was working as a dishwasher. The first symptoms of contact dermatitis developed in December of 1970. On January 11, 1971, the doctor diagnosed dermatitis due to contact with soaps and detergents, and he commenced treatment. Plaintiff was paid workmen’s compensation for three or four months until the condition cleared up.
In June of 1971, plaintiff returned to work as a dishwasher, but she had to wear rubber gloves to prevent the recurrence of the contact dermatitis. She continued to work and saw the doctor occasionally. On May 16, 1972, she was examined by Dr. Stubblefield. It was on that same date that plaintiff quit work. She testified she quit because Dr. Stubblefield told her she could no longer work as a dishwasher. However, Dr. Stubblefield’s report of the May 16, 1972 examination states only that plaintiff should continue to wear her rubber gloves while working. The report does not state that she was disabled from working. Dr. Stubblefield was not called as a witness. Hence, there is no corroboration by him of plaintiff’s testimony that she was instructed by the doctor to quit work because of her hand condition.
Plaintiff’s testimony is contradicted by that of her supervisor, Mr. LaFleur, who stated that when plaintiff quit work she did not mention that she was doing so because of her hand condition. Mr. LaFleur testified he understood plaintiff was quitting to go to Texas to get married.
The trial judge, who saw and heard these witnesses, obviously gave greater credibility to the testimony of Mr. LaFleur *571 than he did to that of the plaintiff. Undoubtedly, the trial judge also considered the fact that Dr. Stubblefield’s report did not support plaintiff’s testimony, and plaintiff failed to call Dr. Stubblefield as a witness to corroborate her testimony that he instructed her to quit work because of her hand condition.
Under these factual findings, the holding of the trial judge is correct. The prescription of one year under LSA-R.S. 23:1209 has run, since more than one year passed after the last payment of workmen’s compensation on June 4, 1971. Plaintiff failed to prove any suspension or interruption of the running of that prescription by a continuance of disability beyond June 4, 1971. Furthermore, she failed to prove any new period of disability commenced after June 4, 1971, thereby starting a new period of prescription under R.S. 23 :Í209.
Since contact dermatitis is an occupational disease, LSA-R.S. 23:1031.1(D) should also be considered. This statute provides that where an employee becomes disabled as a result of an occupational disease, he must notify the employer within four months from the date he contracted the disease or within four months of the date that the disease “first manifested itself”. When plaintiff first contracted the disease in December of 1970, and it became manifest by disabling symptoms, she notified her employer within four months and was paid compensation for that period of disability. But that disability terminated and defendant properly stopped paying compensation. Under the district judge’s factual finding that plaintiff did not again become disabled as a result of the occupational disease, no new prescriptive period of four months under R.S. 23:1031.1(D) ever commenced. Thus, that statute has no application.
The district judge wrote a detailed analysis of the evidence. He weighed the credibility of the witnesses. He concluded as a fact that plaintiff was not again disabled after she returned to work, was not disabled on May 16, 1972, and did not quit work on that date due to her hand condition. It is' my view that we should not reverse a trial judge on a purely factual question unless he is manifestly erroneous. In the present case, I find no basis for holding the trial court manifestly erroneous. Actually, I think a preponderance of the evidence shows the trier of fact was correct.
For the reasons assigned, I respectfully dissent.